I concur in the decision of the school-commissioner that this appeal must be dismissed.
By the Revised Statutes, ch. 65, § 1, the custody of the district school-houses and other district property is confided to the trustees of the districts; and the question submitted is, in substance, *Page 592 
whether the trustees of district No. 1, in Barrington, by permitting a private teacher of vocal music to give instruction in his art in the district school-house, out of school hours, have exceeded their authority, or violated their trust. Our school system, with all the intellectual and material means for instruction provided by it, was designed to promote public education; and any use of the school property tending to this end, and which does not interfere with the regular schools, may be permitted by the trustees of a school district, as within the spirit of their trust. It is evident, that this power of the trustees, must, to answer its purpose, be in some degree discretionary and obedient to circumstances; and it certainly should not be interfered with, either by the district, or on appeal, by the commissioner, except when exercised in a manifestly improper manner. It is true, that the principal expense of the education contemplated by the school law is paid out of funds furnished by the state and raised by town and district taxes; but it is a mistake to suppose that these are the only means which the law employs to carry out its large design. By the six last sections of ch. 64 of the Revised Statutes, rates of tuition are provided, to be paid by those attending school, or by their parents, employers, and guardians; and by the 14th section of the same chapter, the trustees of a district may prescribe and collect a rate, in their discretion, sufficient to keep the school for the four months required by law, without any vote of the district.
In the appeal of Isaac Hall, decided in 1853 by Ch. Just. Greene, after consultation with Justices Haile and Brayton, the conclusion come to, was, that a district school-house might be used "for educational purposes collateral to the main purpose; such as, meetings of the district for school business, lectures upon literary and scientific subjects, debating societies for the people or children of the district," c.; and they approve the above language of the then commissioner, Hon. E.R. Potter, in giving his decision on that appeal.
This opinion certainly includes, as within the power of the trustees and the district, the right to license the use of a district school-house, for private instruction, out of school hours, in vocal music. Instruction in this art, is quite commonly furnished in our public schools, to enable the children to join in an exercise *Page 593 
always agreeable to them, and to fit them to participate in one of the ordinary acts of public devotion. The use of the school-house, when not needed for the regular course, that the like instruction may be imparted to the scholars and others of the district, so that the knowledge and taste of all in this excellent accomplishment may be promoted, is quite in accordance with the uses to which such property, is appropriated by law; and the last objection which a friend of public education should make to such a use is, that the people of the district are so desirous of such instruction, that they are willing to pay for it themselves.
 *Page 1